## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

| | |
|---|---|
| LORI DAVIS, Individually and For Others Similarly Situated, | **Case No.** |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| TOTALMED, INC. and MEDICAL STAFFING SOLUTIONS, LLC | |
| Defendant. | |

## ORIGINAL COMPLAINT

### SUMMARY

1.      TotalMed, Inc. and Medical Staffing Solutions, LLC (collectively, "Defendants" or "TotalMed") failed to pay its hourly healthcare providers for all hours worked at the appropriate rate of pay as required by the Fair Labor Standards Act (FLSA).

2.      Lori Davis (Davis) brings this Lawsuit individually and on behalf of all current and former healthcare providers who worked for Defendants who were denied proper overtime compensation at the appropriate rate of pay as a result of Defendants' failure to properly compensate them by failing to pay them for off-the-clock hours worked.

3.      Defendants employed Davis and its other healthcare providers as hourly workers nationwide during the past three years.

4.      Davis and Defendants other healthcare providers routinely worked more than 40 hours each week for Defendants.

5.      But Defendants failed to pay Davis and other healthcare providers like her overtime as required by the FLSA.

6.     Through its uniform formal and informal policies and procedures and corporate culture, Defendants required Davis and its other healthcare providers to work significant time off the clock without pay.

7.     Davis and Defendants' other healthcare providers were required to auto-deduct a 30 minute lunch break daily that was worked through.

8.     Defendants' policies apply uniformly to all of its hourly healthcare providers.

9.     Davis thus brings this collective action to recover unpaid overtime, liquidated damages, attorneys' fees, and costs, and other damages available under the FLSA.

## JURISDICTION AND VENUE

10.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the facts giving rise to this suit occurred in this District and Division.

12.    TotalMed is headquartered in Appleton, Wisconsin, which goes to this District and Division.

## THE PARTIES

13.    Defendants employed Davis as a Licensed Practical Nurse (LPN) from approximately January 2020 until January 2022.

14.    Davis's written consent is attached as Exhibit 1.

15.    Davis worked for Defendants in Indiana.

16.    Defendants paid Davis on an hourly basis for his work as an LPN.

17.    Davis regularly worked more than 40 hours each week as an LPN.

18.    But Defendants did not allow Davis to report all of the hours she worked each week.

19.    As an LPN for Defendants, Davis regularly worked off the clock.

20. Defendants required its healthcare providers, like Davis, to auto-deduct a 30 minute lunch break daily.

21. However, Davis was not able to take a 30 minute lunch break daily.

22. Davis regularly worked alone and did not have anyone to relieve her to take the required 30 minute unpaid lunch break.

23. Often times, Davis's work schedule did not allow her to take the mandatory 30 minute unpaid lunch break.

24. Even if Davis did report working under 40 hours in a workweek, she still worked time off the clock that Defendants instructed her not to report and is owed that time at her regular rate and overtime rates for those weeks that exceeded 40 hours.

25. Davis brings this Action on behalf of herself and other similarly situated healthcare providers who were required to work off-the-clock.

26. Davis and the other healthcare providers worked off the clock but were not paid for all the time they worked.

27. Davis and the other healthcare providers were controlled by the same Defendants' policies and procedures that required them to work off the clock.

28. The class of similarly situated employees Davis seeks to be certified as a collective action under 29 U.S.C. § 216(b) of the FLSA is defined as:

> **All healthcare providers working for TotalMed who were required to take a mandatory 30 minute lunch break and worked off-the-clock in the last three years (the Putative Class Members).**

29. TotalMed, Inc. is a corporation which does business nationwide, including in this District and Division. TotalMed, Inc. may be served with process by serving its registered agent(s), Corporation Service Company, 8040 Excelsior Dr., Suite 400, Madison, Wisconsin, 53717, or wherever they may be found.

3

30.     Medical Staffing Solutions, LLC is a TotalMed, Inc. company. It may be served with process by serving is registered agent: Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204, USA

## COVERAGE UNDER THE FLSA

31.     At all relevant times, Defendants were employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32.     At all relevant times, Davis and the Putative Class Members were employees within the meaning of the FLSA.

33.     At all relevant times, Defendants were enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

34.     At all relevant times, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, medical equipment, and personal protective equipment - that have been moved in or produced for commerce.

35.     At all relevant times, Defendants have had an annual gross volume of sales made or business done of not less than $500,000.

36.     At all relevant times, Davis and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## THE FACTS

37.     TotalMed is a leading healthcare staffing provider throughout the nation.

38.     TotalMed has 7 corporate offices throughout the nation with its headquarters in Wisconsin.

4

39. Medical Staffing Solutions provides staffing services to the medical industry.

40. On September 5, 2019, TotalMed and Medical Staffing Solutions merged

41. To provide services to its clients, Defendants employ healthcare providers to service hospitals and healthcare providers nationwide.

42. Davis worked for Defendants as an LPN from approximately January 2020 until January 2022.

43. Defendants paid Davis (and its other healthcare providers) on an hourly basis.

44. Davis's primary job was to provide care for patients.

45. Davis often cared for patients with COVID-19.

46. Davis conducted patient assessments, provided care to patients, and maintained hygienic patient rooms.

47. Davis's job duties required her to work through her "lunch" breaks.

48. Davis was the only nurse on night shifts and her job duties required her to work through lunch since no other healthcare provider was staffed to relieve her.

49. Regardless of whether she took a lunch break, Davis was automatically deducted 30 minutes from her timesheets.

50. Defendants' other healthcare providers performed similar job duties and were subject to an automatic 30 minute lunch break deduction regardless of whether a lunch break was taken.

51. Defendants thus required Davis and its other healthcare providers to work off the clock.

52. Davis estimates that she spent between 30 minutes multiple days a week performing work-related tasks for which she was not compensated for.

53. Defendants' uniform, mandated policy that its healthcare providers take a 30 minute lunch break required them to work off the clock.

5

54.     This 30 minute lunch break was automatically deducted from Davis and the Putative Class Members timesheets.

55.     This was due to Defendants' policy.

56.     Davis and the Putative Class Members regularly worked more than 40 hours each week for Defendants.

57.     Davis and the Putative Class Members worked a similar 12 hour shift schedule.

58.     Davis is aware of other individuals who, because of Defendants' illegal policy, worked off the clock while performing their required job duties.

59.     Davis and the Putative Class Members' timesheets thus do not accurately reflect the time they worked each week because of Defendants' automatic deduction for lunch breaks.

60.     Defendants' corporate policies and culture resulted in Davis and the Putative Class Members working without pay.

61.     As a result of Defendants' timekeeping and pay policies, Davis and the Putative Class Members spent considerable time working for Defendants off-the-clock each week without being paid for this off-the-clock work.

62.     Davis is one of many such workers that Defendants employed.

63.     Numerous other healthcare providers worked for Defendants nationwide performing similar job duties in which they also performed unpaid off-the-clock work during the relevant period.

64.     These workers make up the proposed Putative Class Members.

65.     While exact job titles and job duties may differ, Defendants subjected the Putative Class Members to the same or similar illegal pay practices while providing healthcare services.

66.     Davis and the Putative Class Member worked for Defendants in the past three years.

67.     At all relevant times, the proposed class members were paid on an hourly basis.

6

68. Defendants required Davis and its other healthcare providers to take a 30 minute lunch break which was not possible every day.

69. Like Davis, the Putative Class Members regularly worked more than 40 hours each week, and regularly worked 30 minutes multiple days a week performing work-related tasks required of them while not being compensated.

70. The time Davis and the Putative Class Members spent performing their necessary off-the-clock work was an integral and indispensable part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

71. As a result of this off-the-clock policy and practice, at all relevant times, Defendants did not pay these workers for all hours worked, including overtime compensation for hours worked in excess of 40 in a workweek.

72. As such, Davis and the Putative Class Members were not properly compensated at one-and-one-half times their regular rates – as defined by the FLSA – for all hours worked, including overtime worked more than 40 hours in a single workweek.

73. Defendants knowingly or with reckless disregard failed to pay these workers for all hours worked each week at the appropriate rate of pay.

74. As a result of Defendants' actions, Davis and the Putative Class Members were paid less overtime than required by the FLSA.

75. Defendants did not perform an audit to determine if Davis and the Putative Class Members could perform all their job duties with the required 30 minute lunch break.

76. Defendants did not perform time studies to determine if Davis and the Putative Class Members could perform all their required job duties with the required 30 minute lunch break.

77. Defendants knowingly or with reckless disregard failed to pay Davis and the Putative Class Members for all hours worked because of its auto-deduction of 30 minutes for a lunch break.

7

78.     As a result of Defendants' actions, Davis and the Putative Class Members were paid less overtime than required by the FLSA.

COLLECTIVE ACTION ALLEGATIONS

79.     The illegal pay practices Defendants imposed on Davis were imposed on Putative Class Members.

80.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

81.     Numerous other individuals who worked with Davis were paid in the same manner, performed similar work, and were not properly compensated for all hours worked at the appropriate rate of pay as required by the FLSA.

82.     Based on her experiences and tenure with Defendants, Davis is aware that Defendants' illegal practices were imposed on the Putative Class Members.

83.     During the relevant period, the Putative Class Members were not paid for all hours worked, including overtime when they worked in excess of 40 hours per week because of Defendants' off-the-clock policy.

84.     Defendants' failure to pay overtime at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of Davis and the Putative Class Members.

85.     Davis's experiences are therefore typical of the experiences of members of the Putative Class Members.

86.     The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

87.     Davis has no interests contrary to, or in conflict with, the members of the Putative Class.

8

88.     Like each member of the Putative Class, Davis has an interest in obtaining the unpaid overtime wages owed under the FLSA.

89.     Upon information and belief, Defendants employed hundreds of Putative Class Members during the Relevant Period.

90.     The precise size and the identity of the members of the Putative Class, is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Defendants.

91.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

92.     Absent a collective action, many members of the Putative Class will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA.

93.     Furthermore, even if some of members of the Putative Class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

94.     If individual actions were required to be brought by each member of the Putative Class, it would necessarily result in a multiplicity of lawsuits and would create hardship to members of the Putative Class, Defendants, and to the Court.

95.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

96.     The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

　　　　　a.     Whether Defendants required Davis and the Putative Class Members to work more than 40 hours during individual work weeks;

9

b.    Whether Defendants failed to pay Davis and the Putative Class Members at the appropriate rate of pay for all hours worked, including for those hours worked over 40 in a workweek in violation of the FLSA;

c.    Whether Defendants' decision to require the Davis and the Putative Class Members to work off-the-clock was made in good faith;

d.    Whether Defendants' violation of the FLSA was willful; and

e.    Whether Defendants' illegal pay practices were applied to the Putative Class Members.

97.    Davis and the Putative Class Members sustained damages arising out of Defendants' illegal and uniform employment policy.

98.    Davis knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

99.    Davis will fairly and adequately represent and protect the interests of members of the Putative Class Members.

100.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

## CAUSE OF ACTION – VIOLATION OF THE FLSA

101.    Davis alleges Defendants violated 29 U.S.C. § 207(a)(1) by failing to pay its hourly healthcare providers for: (1) all hours worked over 40 in each workweek; and (2) at a rate not less than one and one-half times the regular rate at which the healthcare providers were employed.

102.    Through its uniform formal and informal policies and procedures and corporate culture, Defendants required Davis and the Putative Class Members to work significant time off the clock without pay because of their policy requiring an auto-deduction for a 30 minute lunch break.

10

103.     Defendants owe Davis and the Putative Class Members the difference between the rate paid to them and the proper overtime rate for all hours worked, including for those hours the healthcare providers worked off the clock.

104.     Defendants nonetheless failed to pay certain hourly employees, such as the healthcare providers, overtime for all hours worked at the proper rate.

105.     Defendants' failure to pay overtime to these hourly workers for all hours worked at the proper rate, including overtime hours, was, and is, a willful violation of the FLSA.

106.     Because Defendants knew, or showed reckless disregard for whether its pay practices violated the FLSA, Defendants owes these wages for at least the past three years.

107.     Defendants are liable to Davis and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

108.     Davis and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

109.     Davis demands a trial by jury.

## PRAYER

187.     Davis prays for relief as follows:

    a.     An Order designating the Putative Class Members as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to sue pursuant to 29 U.S.C. § 216(b);

    b.     For an Order finding Defendants liable to Davis and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

11

c.  For an Order awarding penalty damages, attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

d.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Date:  February 8, 2023,                                s/Larry A. Johnson

Larry A. Johnson SBN 1056619
Connor J. Clegg SBN 1118534

Hawks Quindel, S.C.
5150 North Port Washington Road, Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail: ljohnson@hq-law.com
cclegg@hq-law.com

**AND**

Michael A. Josephson
Texas State Bar No. 24014780
mjosephson@mybackwages.com
Lindsay Itkin Reimer
Texas State Bar No. 24068647
litkin@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

Richard J. (Rex) Burch
Texas State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**